IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

NAVISTAR FINANCIAL CORPORATION, )
                                                                                )
      **Plaintiffs,**                             )
                                                                                 )
v.                                                               )    Case No. 3:10-cv-1244
                                                                                 )    Judge Trauger
**C.C.C. TRUCKING, INC. AND CHRIS**    )
**CUNNINGHAM,**                                     )
                                                                                 )
      **Defendants.**                             )

---

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER  <mark>As Amended</mark>

---

Pursuant to LR 16.01 (d), the following Initial Case Management Plan is **ADOPTED.**

      **A.**      **JURISDICTION**: The Court has subject matter jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. § 1332, and jurisdiction is not disputed. Personal jurisdiction is also not disputed.

      **B.**      **BRIEF THEORIES OF THE PARTIES:**

      **1)**      **PLAINTIFF:** The Plaintiff asserts that the Guaranty signed by the Defendant Chris Cunningham along with the Commercial Loan and Security Agreements entered into establish Defendants' liability to Plaintiff. Under the terms of the Agreements between the parties, in the event of default, Defendants are liable to Plaintiff for any deficiency which remained after the repossession and disposition of the equipment purchased by the Defendants. All pieces of equipment at issue in this dispute were repossessed by Plaintiff pursuant to the terms of the Agreements and sold at commercially reasonable sales of which Defendants were duly notified. The Agreements also establish that Defendants are liable for interest and

reasonable expenses incurred by Plaintiff, including attorneys' fees, in enforcing its rights and remedies under the Agreements.  As a result, Plaintiff is entitled to judgment in its favor against Defendants.

**2)** **DEFENDANT:** The Defendants agree that they owe a portion of the contractual obligations set forth in the Complaint but disagree as to the method of calculation and the value of the repossessed property. Defendants argue that expert testimony from by a certified public accountant will show that the amount claimed by the Plaintiff is substantially less than the amount set forth in the Complaint.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** Liability and damages.

E. **INITIAL DISCLOSURES:** The Parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **April 29, 2011**.

F. **DISCOVERY:** The parties shall complete all written discovery by **July 1, 2011** and depose all witnesses by **August 31, 2011**.  Discovery is not stayed during dispositive motions, unless ordered by the court.  Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **September 16, 2011**.

H. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **October 3, 2011**.  The defendant shall identify and disclose all expert witnesses and reports on or before **November 4, 2011.**

    **I.**     **DEPOSITION OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **December 16, 2011**.

    **J.**     **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **August 31, 2011**.

    **K.**     **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **February 3, 2012**. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the response. [handwritten insertion: and optional replies within 10 days of the filing of the response.] Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    **L.**     **ELECTRONIC DISCOVERY:** The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

    **M.**     **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 2-3 days.

    It is so **ORDERED**.

    _____
    **ALETA A. TRAUGER**
    **United States District Judge**

APPROVED FOR ENTRY:

/s/Rhonda Scott Kinslow
**BELL & KINSLOW, PLLC**
Rhonda Scott Kinslow, BPR# 019863
Rachel L. Bell, BPR# 024075
2109 Buena Vista Pike
Nashville, TN 37218
(615) 256-3353 office
(615) 256-3331 fax
Rhonda@bellkinslow.com
Rachel@bellkinslow.com
*Attorneys for Plaintiff*


/s/Marc A. Walwyn
**Walwyn & Walwyn**
Marc A. Walwyn
1994 Gallatin Pike N. Suite 305
Madison, TN 37115
(615) 859-8668 Phone
(615) 855-2450 Fax
Marc@walwynlaw.com
*Attorneys for Defendants*