# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NAVISTAR FINANCIAL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:10-cv-1244 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| **C.C.C. TRUCKING, INC. and** ) | |
| **CHRIS CUNNINGHAM,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's motion for summary judgment against defendants C.C.C. Trucking, Inc. ("CCC Trucking") and Chris Cunningham ("Cunningham") (collectively, "defendants") (Docket No. 26), which the defendants have not opposed. For the reasons stated herein, the plaintiff is entitled to summary judgment, but the court will defer entering judgment until it can review additional submissions from the plaintiff regarding damages.

## BACKGROUND[1]

CCC Trucking was a trucking company owned and operated by Cunningham. Between January 31, 2006 and September 24, 2008, CCC Trucking (through Cunningham) entered into

---

[1] Unless otherwise noted, all facts are drawn from the plaintiff Navistar Financial Corporation's ("Navistar") Statement of Undisputed Facts in Support of its Motion for Summary Judgment. (Docket No. 28.) Because the defendants have not addressed Navistar's statement of undisputed facts, the court will consider the facts cited therein to be undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e) (2012). Regardless, the defendants expressly admitted the substance of these undisputed facts in their pleadings and in discovery. (*See, e.g.*, Docket No. 26, Ex. 1 (Defendants' Responses to Navistar's Requests for Admissions); Docket No. 20 (Defendants' Answer to First Amended Complaint).)

1

six successive Commercial Loan and Security Agreements ("Loan Agreements") with Navistar to finance the purchase of eight semi-tractor trucks.[2] In relevant part, each Loan Agreement contains the following provisions:

- A choice of law provision stating that the agreement shall be governed by the law of Illinois and applicable federal law;

- A default clause, which provides that, in the event of default, CCC Trucking is liable to Navistar for any deficiency which remains after the repossession and disposition of the sleeper tractors by Navistar;

- A "Late Payments" clause, which states that "Borrower promises to pay past due interest accrued from maturity on each installment in default more than 10 days at the highest rate permitted by law. Borrower also agrees to pay all expenses actually incurred, including attorney fees, in collecting any amount payable under this Agreement, all to the extent allowed by law."

(Docket No. 16, First Am. Compl., Exs. B, E, H, K, N, Q (Loan Agreements).)

As a condition of Navistar's providing financing to CCC Trucking, Cunningham executed a Guaranty in which he personally guaranteed the prompt payment of all monetary obligations for which CCC Trucking might become liable to Navistar, including the subsequent Loan Agreements. The Guaranty holds Cunningham liable for interest and all reasonable expenses, including attorneys' fees, incurred by Navistar in enforcing Cunningham's obligations

---

[2]The Loan Agreements (hereinafter "Loan Agreement No. [X]") were entered into as follows, with dates of execution in parentheses:

1. Loan Agreement No. 1 (dated January 31, 2006): one tractor;
2. Loan Agreement No. 2 (dated September 27, 2007): one tractor;
3. Loan Agreement No. 3 (dated March 28, 2008): one tractor;
4. Loan Agreement No. 4 (dated April 15, 2008): one tractor;
5. Loan Agreement No. 5 (dated July 7, 2008): one tractor;
6. Loan Agreement No. 6 (dated September 24, 2008): three tractors.

under the Guaranty.[3] As with the Loan Agreements, the Guaranty by its terms is governed by Illinois law.

Thus, under the Guaranty and the Loan Agreements, both CCC Trucking and Cunningham are liable for any defaults on the underlying loans, along with interest at the "highest rate permitted by law" and all costs of collection, including attorneys' fees.

The defendants failed to make required installment payments with respect to all six of the Loan Agreements. Following default, Navistar repossessed the equipment and, upon notice to the defendants, sold each piece of equipment at a private sale pursuant to the terms of the Loan Agreements. The proceeds from each sale recovered only a portion of the defendants' outstanding payment obligations, resulting in deficiencies with respect to each piece of equipment, as follows:

1. Loan Agreement No. 1: $10,950.52;

2. Loan Agreement No. 2: $40,495.15;

3. Loan Agreement No. 3: $23,510.02;

4. Loan Agreement No. 4: $21,940.07;

5. Loan Agreement No. 5: $18,965.55;

6. Loan Agreement No. 6: $77,032.12.[4]

---

[3]Although Navistar states that it is undisputed that the Guaranty bound both defendants as guarantors, the Guaranty was signed only by Cunningham as "guarantor." (*See* Docket No. 16, First Am. Compl., Ex. A (Guaranty agreement).) Therefore, the court interprets the Guaranty as binding only against Cunningham.

[4]Loan Agreement No. 6 financed the purchase of three tractors. After repossession and sale, Navistar was left with deficiencies relative to each tractor of $25,177.37, $26,677.37, and $25,177.38, respectively.

These figures reflect the "deficiency amounts" declared by Navistar following the sale of each repossessed piece of equipment. (*See, e.g.*, First Am. Compl., Ex. D (1/13/10 Letters to CCC Trucking and Cunningham).) Although not stated by Navistar in its Motion or supporting materials, these deficiencies total $192,893.43. It is not clear whether the deficiency amounts included then-accrued interest.

Based on the undisputed facts, Navistar contends that it is entitled to judgment as a matter of law. Navistar demands "interest," attorneys' fees, and costs, in addition to recovery of the "deficiency amounts." With respect to its demand for "interest," Navistar has not specified whether it seeks prejudgment interest and/or postjudgment interest. As to prejudgment interest, Navistar has not demanded any particular sum, nor has it identified the applicable interest rate or the principal basis for any interest calculation.

## STANDARD OF REVIEW

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2011). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the [plaintiff]." *Moldowan*, 578 F.3d at 374.

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the

truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). But "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," and the plaintiff's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the plaintiff. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587).

## ANALYSIS

### I. Liability

The Loan Agreements and the Guaranty are both governed by Illinois law. Under Illinois law, the elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; (4) resultant injury to the plaintiff. *Henderson-Smith & Assocs., Inc. v. Nahamani Family Serv. Ctr., Inc.*, 752 N.E. 2d 33, 43 (Ill. App. Ct. 2001). A guaranty is a valid and enforceable contract within Illinois. *See McLean Cnty. Bank v. Brokaw*, 519 N.E.2d 452, 456 (Ill. 1988); *Heritage Bank of Univ. Park v. Bruti*, 489 N.E.2d 1182, 1183 (Ill. App. Ct. 1986). The rules of construction of contracts apply generally to contracts of guaranty. *McLean*, 519 N.E.2d at 456. A guarantor is to be accorded the benefit of any doubt which may arise from the language of the contract, and his liability is not to be varied or extended by construction or implication beyond its precise terms. *Id.* On the other hand, where the language of a guaranty is unambiguous, it must be given its natural and ordinary meaning as with any other contract. *Heritage*, 489 N.E.2d at 1183; *McLean*, 519 N.E.2d at 465.

The undisputed facts establish that Navistar is entitled to summary judgment on its

breach of contract claims against both defendants. The Loan Agreements and the Guaranty are both valid and enforceable contracts, and the terms of the Guaranty are unambiguous. Navistar performed its obligations under those agreements. With respect to the Loan Agreements, CCC Trucking breached its promise to make monthly installment payments in return for Navistar's financing the purchase of the underlying equipment; with respect to the Guaranty, Cunningham breached his promise to meet CCC Trucking's obligations under the Loan Agreements. Navistar suffered at least $192,893.43 in damages from the defendants' contractual breaches.

Both defendants are liable for accrued interest. Furthermore, because the defendants breached their agreements and Navistar brought this meritorious action to collect payments due thereunder, the defendants are also liable to Navistar for its costs of collection, including reasonable attorneys' fees.

## II. **Damages**

Although judgment in Navistar's favor is plainly warranted, the court requires additional information from Navistar concerning its interest demand. "In diversity cases in this Circuit, federal law controls post-judgment interest but state law governs prejudgment interest." *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400 (6th Cir. 2005). Accordingly, Navistar must:

(1) Specify the nature of its demand for interest;

(2) To the extent it demands contractual/prejudgment interest, specify the applicable interest rate by reference to supporting legal authority (presumably under Illinois law) and identify the principal amount to which that rate should apply; and

(3) Provide a sworn calculation of the total interest owed, including itemized calculations as to each Loan Agreement with supporting documentation.

The court will defer entering a final order on the Motion for Summary Judgment pending receipt and review of the requested information.[5]

**CONCLUSION**

For the reasons set forth herein, Navistar is **ORDERED** to file the submissions discussed in this order on or before April 2, 2012.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge

---

[5] With respect to an award of attorney's fees and other collection costs, the court anticipates that, once judgment enters in Navistar's favor, Navistar will properly account for those fees and costs by motion in accordance with Fed. R. Civ. P. 54(d).